IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GIORGI MALACIDZE,<br><br>  Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>  Respondents. | )<br>)<br>)<br>)<br>)  Case No. CIV-25-1527-D<br>)<br>)<br>)<br>) |

### ORDER

Petitioner Giorgi Malacidze filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Georgia who entered the United States in or around February 2023. At that time, Petitioner presented himself for inspection to seek asylum, and Petitioner was released from custody on his own recognizance pursuant to 8 U.S.C. § 1226. Petitioner has since filed an asylum application and was approved for employment authorization valid through October 2028.

Petitioner has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since September 24, 2025, and his removal proceedings are ongoing. Petitioner is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). In his Petition, Petitioner contends that § 1225(b)(2)(A) "does not apply to people like Petitioner, who have already entered and were residing in the United States at the time they were apprehended." [Doc. No. 1, at 13]. Because of his assertion that § 1225(b)(2)(A) does not apply to him, Petitioner further asserts that his continued detention without a bond hearing violates his due process rights.

1

The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 3]. Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 14], and Petitioner filed a reply [Doc. No. 19].

On January 8, 2026, the magistrate judge issued a Report and Recommendation [Doc. No. 21], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely Objection to the Report and Recommendation [Doc. No. 22]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

First, Respondents point the Court to their Response [Doc. No. 14] for the argument that "the jurisdiction channeling provisions of the INA preclude further review and Petitioner's path for appeal is through the BIA." [Doc. No. 22, at 2]. Notwithstanding that Respondents' reference to the arguments of their response is likely insufficient to warrant this Court's review of the magistrate judge's conclusion as to jurisdiction, the undersigned has previously found that 8 U.S.C. § 1252(g) does not jurisdictionally bar the Court's consideration of Petitioner's Petition. *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025) ("[B]ecause Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that 8 U.S.C. § 1252(g) does not jurisdictionally bar consideration of

the Petition."); *see also Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026) (same).

Next, Respondents object to the magistrate judge's conclusion that § 1226(a) applies to Petitioner's detention, and not § 1225(b)(2)(A), as suggested by Respondents. Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

Respondents contend that Petitioner is properly detained pursuant to § 1225(b)(2)(A), which provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). Respondents assert that Petitioner is an "applicant for admission" because he is present in the United States and has not been admitted, citing § 1225(a)(1). *See* 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted … shall be deemed for purposes of this chapter an applicant for admission.").

3

In previously construing § 1225(b)(2)(A), the undersigned concluded in *Colin* that the subsection "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *See Colin*, 2025 WL 3645176, at *4. In their Objection, Respondents argue that "seeking admission" is merely stating "applicant for admission" another way. [Doc. No. 22, at 5] ("In other words, every 'applicant for admission' is inherently and necessarily 'seeking admission,' at least absent a choice to withdraw their applications for admission or seek voluntary departure."). Respondents contend that Petitioner is "seeking admission" because Petitioner has not withdrawn his asylum application or voluntarily self-deported.

The Court finds helpful the Seventh Circuit's recent analysis of this issue. In *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. Dec. 11, 2025), the Seventh Circuit denied the government's request to stay orders of the district court, finding that the government's argument that certain individuals were properly detained under § 1225(b)(2)(A) was likely to fail on the merits:

> [W]hile a noncitizen arrested in the Midwest might qualify as 'an alien present in the United States who had not been admitted,' § 1225(a)(1), the mandatory detention provision upon which Defendants rely, limits its scope to an 'applicant for admission' who is 'seeking admission', § 1225(b)(2)(A). Put another way, 'U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c).

*Id.* at *9 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)).

4

In addressing the government's argument that "applicant for admission" is simply synonymous with a person "seeking admission," the Seventh Circuit noted that the argument has "some superficial appeal," acknowledging that § 1225(a)(3) "refers to noncitizens 'who are applicants for admission or *otherwise* seeking admission[.]'" *Id.* However, the Seventh Circuit continued:

> [I]t is Congress's prerogative to define a term however it wishes, and it has chosen to limit the definition of an 'applicant for admission' to 'an alien present in the United States who has not been admitted or who arrives in the United States.' 8 U.S.C. § 1225(a)(1). It could easily have included noncitizens who are 'seeking admission' within the definition but elected not to do so.
>
> What is more, Defendants' construction would render § 1225(b)(2)(A)'s use of the phrase 'seeking admission' superfluous, violating one of the cardinal rules of statutory construction.

*Id.* (citation omitted).

Upon consideration, the Court continues to conclude that § 1225(b)(2)(A) unambiguously requires that an "applicant for admission" also be "seeking admission" for the subsection to control. This Court has previously declined to find that "refusing to self-deport constitutes 'seeking admission' for purposes of this subsection." *Cruz-Hernandez*, 2026 WL 18932, at *1. Further, although Petitioner has a pending asylum application, the Court agrees with the magistrate judge that a pending asylum application does not render § 1225(b)(2)(A) applicable to Petitioner. *See Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application

5

for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2 (W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Valdez*, 2025 WL 3709021, at *3 ("Because Petitioner has been unlawfully living in the United States for many years without seeking admission, this provision does not apply to him."); *Martinez Diaz*, 2025 WL 3296310, at *3 ("Here, Petitioner has resided in the United States for approximately twenty years … and, therefore, is not 'seeking admission' into the United States. Accordingly, the Court finds § 1225(b)(2)(A) inapplicable to Petitioner."). Accordingly, § 1226(a) controls Petitioner's detention.

Having found that § 1226(a) controls Petitioner's detention, and noting no objection by Respondents as to their obligation to provide bond hearings for noncitizens under § 1226(a), the Court concludes that Petitioner is entitled to a bond hearing. *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings*, 583 U.S. at 306) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 21] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**. **IT IS THEREFORE ORDERED** that

Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 28th day of January, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge